*James E. Stewart, for appellant.*

---

WILLIS ADAMS, ET AL. *v.* JOHN K. McCLARY.

[Abstract Kentucky Law Reporter, Vol. 6—517.]

**Commissioners' Sale of Real Estate.**

A sale of real estate by a commissioner for its full value will not be set aside because of the claim by the commissioner that he was interested in the purchase where the proof fairly shows that if he ever acquired an interest in the land he acquired it after the sale by releasing a lien held by him thereon.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

January 29, 1885.

OPINION BY JUDGE PRYOR:

Without determining the question of exceptions to the depositions, or the right of the chancellor to consider only the depositions of the appellee in making up his judgment we are satisfied upon a review of the entire record embracing that filed on the former appeal that the court acted properly in dismissing the petition. It is highly probable that the parties, McClure, McClary and Fisher, held conversations with each other and with others in reference to this land after the purchase and asserted an interest in it, but it is highly improbable that McClure and McClary would perjure themselves with no other motive than that McClary may make good his purchase of this land at the Commissioner's sale. When McClure testified he certainly had no interest in the controversy and the candid intelligent statement made by him bears the impress of truth and leaves but little doubt as to the character of the transaction between the three, Fisher, McClure and McClary, that led the two former to believe that they were interested in the land.

It appears from the proof that McClure knew by reason of professional advice that he could not purchase the land, and this information was given upon a suggestion made that he was fearful the land would not sell for its value. The Commissioner, Fisher, who is claimed was a co-purchaser, was active on the day of sale in securing bids, and advancing arguments conducing to prove to those present that the location and construction of railroads through that part of the estate would soon make the land valuable. When sold it was scarcely of any value and from the weight of the proof evidenced and sustained by the sales of land in the immediate neighborhood the land brought its full value.

It was not at that time to be considered as a successful speculation and the purpose McClure and Fisher had in becoming interested was the anticipation of certain improvements in that part of the state that would necessarily enhance the value of real estate.

Besides McClure had paid the taxes on this land and was a creditor to the extent of the interest that he sought to obtain. But neither himself nor Fisher owned or obtained any interest until after

the purchase had been made by McClary, and McClure then surrendered his claim upon McClary to set him in as a joint owner for the reason that there was no speculation in the enterprise.

The sale was fair and open to competition and we are satisfied that no interest was acquired by Fisher, or any agreement for an interest made until after the land had been purchased by McClary. McClary in fact was willing to surrender his purchase upon the payment back to him of his purchase money, but this proposition seems never to have been accepted and the litigation progressed to a judgment that we think is fully sustained by the entire testimony in the record. It is not unreasonable that these parties should have talked of their interest in the purchase and impressed those present with the belief that they were jointly interested in the bid made by McClary, but in ascertaining when they become jointly interested it is evident from the proof that no interest was acquired until the sale was made and that no agreement or understanding existed for an interest prior thereto. · We think there was no error in giving to McClure a preference as creditor for the taxes paid by him while Sheriff, on this realty. The original action was dismissed as to the heirs and representatives of Fisher in so far as it sought a judgment for the money in his hands not distributed and therefore this court can not take cognizance of that question. The dismissal was without prejudice and therefore the right of recovery, if any ever existed, must be by an independent action.

Judgment *affirmed.*

*Isaac A. Stewart, for appellants.*

*W. O. Bradley, S. M. Burdett, for appellee.*

(See 11 Ky. Opinions 871.)